# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

NAQUAN TRELL ELLIOTT, )
)
    Movant, )
v. ) Case No. CV415-106
)         CR413-115
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Naquan Trell Elliott pled guilty to distribution of cocaine and carrying a firearm in connection with a drug trafficking offense. (Cr. doc. 55.[1]) He was sentenced to 117 months' imprisonment. (Cr. doc. 69.) Now he moves for 28 U.S.C. § 2255 relief. (Doc. 1 at 4.). Elliot's § 2255 motion should be **DENIED** upon preliminary review under Rule 4(b), Rules Governing Section 2255 Proceedings.

Elliott first claims that he instructed his attorney, Joshua Lowther, to file an appeal and that Lowther was ineffective for failing to do so. (Doc. 1 at 4.) This Court requires that defense counsel not only consult

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV415-106. "Cr. doc." refers to documents filed under movant's criminal case, CR413-115. The Court is screening this petition under Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts.

with the client about an appeal but complete and file a "Post-Conviction Consultation Certification" memorializing the client's wishes regarding an appeal. In this case, Lowther complied with that obligation. (Cr. doc 68.) Elliott, who signed the form, confirmed that he had been fully advised by Lowther of the right to a direct appeal, and the advantages and disadvantages of such an appeal, but had "decided not to file an appeal." (*Id.* at 4.) Although Elliott now swears that he *did* instruct counsel to file an appeal, (doc.2), he does not reference, much less contradict, the certification that was signed on April 2, 2014. (*Id.*) Elliott's claim that he requested an appeal is refuted by the record, and absent some assertion that he was duped or coerced into signing the certification, he is bound by his election to forego an appeal.[2]

---

[2] Elliot is reminded that § 2255 movants who lie to this Court may be prosecuted. Lying under oath, either live or "on paper," is illegal. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, No. CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009 (unpublished); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

In his second claim, Elliott asserts that his attorney was ineffective for failing to challenge his criminal history at sentencing, which he claims was miscalculated because he was assigned criminal history points for offenses that happened when he was a minor. (Doc. 1 at 5.) It is true that Elliott received several criminal history points for conduct that occurred while he was a minor: (1) two criminal history points for burglary and obstruction that occurred on October 30, 2007; (2) one criminal history point for a theft by taking and criminal trespass committed on November 21, 2007; (3) one criminal history point for an aggravated battery committed on July 2, 2008; and (4) two criminal history points for an aggravated assault involving a pistol committed on January 24, 2010. (Presentence Investigation Report ("PSI") at 8-12.)

Under the United States Sentencing Guidelines ("USSG"), § 4A1.2(d)(2), juvenile sentences imposed within five years of the commencement of the prosecuted offense may be assigned either one or two points. Here, the offense conduct occurred from May 13 through June 12, 2013. (PSI at 4-6.) Elliott's delinquency adjudications from 2008 and 2010 clearly fall within the five-year timeframe. (*Id.* at 11-12.) The most recent adjudication earned two points because Elliott was

3

committed to the Department of Juvenile Justice for a period of 5 years, with 12 months to serve. USSG § 4A1.2(d)(2)(A) ("add 2 points under §4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense"). The aggravated battery earned one point under § 4A1.2(d)(2)(B) because Elliott was not confined for "at least sixty days." *Id.*

The older offenses occurred more than five years before the current offense conduct. But that does not change the outcome, because in both cases he consistently violated probation. Under USSG § 4A1.2(k)(2)(B), the offense is deemed to occur on "the date of the defendant's last release from confinement on [a] sentence" for "an offense committed prior to the defendant's eighteenth birthday." *Id.* Here, Elliott violated probation three times after his 2007 burglary adjudication. (PSI at 9.) He was last released from confinement on March 5, 2011, which is clearly within the five-year limitations period. (*Id.*) Furthermore, he was sentenced to sixty days' confinement. (*Id.*) He was simultaneously released under the sentence of probation for his 2007 adjudication for theft by taking and

4

criminal trespass. (*Id.* at 10.) The second conviction only qualified for one criminal history point. (*Id.*)

Under *Strickland v. Washington*, 466 U.S. 668 (1984), Elliott must show that his lawyer rendered deficient performance and that the deficient performance prejudiced him. *Id.* at 694. Here, the sentencing guidelines were properly calculated, and therefore Lowther did not render deficient performance in failing to raise a nonmeritorious claim. Accordingly, Elliott's second claim also fails.

Elliott's § 2255 motion should be summarily **DENIED**. Applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 4Th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5