IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CASE NO. CR413-115 |
| ) | |
| NAQUAN TRELL ELLIOTT,  ) | |
| ) | |
| Defendant.   ) | |

### O R D E R

Before the Court is Defendant Naquan Trell Elliott's Motion for Home Confinement (Doc. 90), Motion for Compassionate Release (Doc. 91), and Motion to Appoint Counsel (Doc. 92). The Government has responded in opposition to Defendant's motion for home confinement and motion for compassionate release. (Doc. 93.) For the following reasons, Defendant's Motion for Home Confinement (Doc. 90) is **DISMISSED**, Defendant's Motion for Compassionate Release (Doc. 91) is **DENIED**, and Defendant's Motion to Appoint Counsel (Doc. 92) is **DENIED**.

### BACKGROUND

In October 2013, Defendant pleaded guilty to distribution of a quantity of cocaine base and carrying a firearm in relation to a drug trafficking crime. (Docs. 54, 55.) Defendant was sentenced to a total term of 117 months' imprisonment. (Doc. 69 at 2.) According to the BOP website, Defendant is currently incarcerated at FCI Jesup in Jesup, Georgia with a projected release date of December 29, 2021. See BOP Inmate Locator, Federal Bureau of

Prisons, https://www.bop.gov/inmateloc/ (last visited on August 31, 2020).

## ANALYSIS

Defendant requests that this Court place him on home confinement pursuant to the CARES Act. (Doc. 90 at 2.) Defendant states that he does not "fit the criterion for compassionate release but [] do[es] fit the criterion's [sic] for home confinement." (Id.) In addition to this motion, Defendant filed a motion seeking compassionate release. (Doc. 91.) Defendant contends that his immediate release is warranted based on the substantial threat that COVID-19 poses to his life. (Id. at 3.) Defendant does not state what basis entitles him to compassionate release in his motion, however, in his motion for home confinement, Defendant claims that he suffers from asthma. (Doc. 90 at 3.) Defendant also claims that he exhausted his administrative remedies. (Doc. 90 at 1; Doc. 91, Attach. 1 at 4.) The Government opposes Defendant's requests. (Doc. 93.) The Court finds that Defendant's motion seeking release to home confinement is due to be dismissed and Defendant's motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) is due to be denied.

I. HOME CONFINEMENT

First, Defendant's motion seeking an order from this Court placing him on home confinement is due to be dismissed. A request

2

for home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020, is different than a request for sentence reduction based upon compassionate release. Under Section 12003(b)(2) of the CARES Act, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, the BOP is permitted to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." United States v. Allen, No. 2:14-cr-024, 2020 WL 2199626, at *1 n.1 (S.D. Ga. May 6, 2020). Thus, the BOP is utilizing its authority under 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C. § 3582(c)—to effectuate the Attorney General's directive to the BOP regarding home confinement in connection with the CARES Act. Id. at *1. This Court lacks the authority to order the BOP to release a prisoner on home confinement. See United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (explaining that under 34 U.S.C. § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and district court was without jurisdiction to grant relief); see also Allen, No. 2:14-CR-024, 2020 WL 2199626, at *1 ("These statutes do not authorize a federal court to order the BOP to release a prisoner."); United States v.

3

Greene, No. CR 116-056, 2020 WL 3316987, at *1 (S.D. Ga. June 18, 2020). Thus, Defendant's motion for home confinement (Doc. 90) is **DISMISSED**.

II. <u>COMPASSIONATE RELEASE</u>

18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the

4

safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). For a medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii).

In seeking compassionate release, Defendant contends that his immediate release is warranted based on the substantial threat that COVID-19 poses to his life. (Doc. 91 at 3.) Defendant does not state what basis entitles him to compassionate release in his motion, however, in his motion for home confinement, Defendant claims that he suffers from asthma. (Doc. 90 at 3.) Defendant also

5

claims that he exhausted his administrative remedies. (Doc. 91 at 1; Doc. 91, Attach. 1 at 4.) In response, the Government contends that Defendant's motion should be dismissed because he did not exhaust his administrative remedies or, in the alternative, should be denied for failure to establish a "compelling and extraordinary" reason warranting release. (Doc. 93 at 14-18.)

Defendant contends in his motion that he has exhausted his administrative remedies because he requested compassionate release at the same time he sought home confinement before the BOP, but has not received any response to his compassionate release request. (Doc. 90, Attach. 1 at 4.) Defendant's request for home confinement was denied on May 12, 2020. (Id.) Thus, according to Defendant, he sought compassionate release sometime before May 12, 2020 but has not received a denial. Other records from the BOP show that Defendant completed a form for "informal resolution" of his compassionate release and home confinement requests on July 6, 2020 and that it was unable to be resolved on July 23, 2020. (Doc. 93, Attach. 1 at 2.) There is another document dated July 6, 2020 to his case manager requesting home confinement and compassionate release. (Id. at 3.) Defendant filed his motion for compassionate release on August 5, 2020. (Doc. 91.) Based on this record, the Court preliminarily finds that Defendant has exhausted his administrative remedies.

The Government further argues that Defendant's motion should be denied because Defendant has not provided evidence of a medical condition that qualifies as an "extraordinary and compelling reason" for compassionate release. (Doc. 93 at 15.) The Government notes that Defendant does not allege any particular medical condition in support of his motion, but instead only asserts a general concern about COVID-19. (Id. at 17.) The Court agrees.

The Court notes that Defendant did not include any reasons why he is entitled to compassionate release in his motion and seems to argue against his request in his motion for home confinement. (See Doc. 90 at 2 (stating that he does not "fit the criterion for compassionate release but [] do[es] fit the criterion's [sic] for home confinement.").) However, Defendant does allege that he suffers from asthma in his motion for home confinement. (Id. at 3.) While the CDC includes moderate-to-severe asthma as a condition that **might** render the individual at an increased risk of severe illness from COVID-19, Defendant has not argued that his asthma is moderate-to-severe or provided any evidence at all of his condition. The Court does not find that COVID-19 is in and of itself an extraordinary and compelling reason to warrant compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate

7

release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."). Additionally, Defendant has presented evidence that he tested positive for COVID-19 and has subsequently recovered. (Doc. 91, Attach. 2 at 2-4.) Defendant does not allege that he suffered any serious complications or severe illness due to COVID-19. The Court finds this fact weighs against releasing Defendant due to any risks associated with becoming infected with COVID-19. See United States v. Billings, No. 19-CR-00099-REB, 2020 WL 4705285, at *6 (D. Colo. Aug. 13, 2020) (denying the defendant's motion for compassionate release in part because "[the defendant] experienced no serious symptoms despite testing positive for the virus and has no reported lingering side effects now that he has recovered."); United States v. Reece, No. 16-20088-JAR, 2020 WL 3960436, at *6 (D. Kan. July 13, 2020) (noting that the defendant had recovered from COVID-19 and did not have severe complications from the virus and finding that these facts cut against defendant's compassionate release request); United States v. Gallegos, No. 4:17-CR-568, 2020 WL 3403032, at *3 (S.D. Tex. June 19, 2020) (observing that, because the defendant had already contracted and fully recovered from COVID-19, it could not say that the defendant's asthma substantially diminished the defendant's ability to care for himself in the facility). Accordingly, the Court **DENIES** Defendant's motion for compassionate release (Doc. 91).

III. MOTION TO APPOINT COUNSEL

Defendant also seeks the appointment of counsel to assist him in seeking compassionate release. (Doc. 92 at 1.) Defendant contends that he needs an attorney to assist him in compiling "the other necessary documentation to perfect the requisite showing of extraordinary and/or compelling reason" to justify compassionate release. (Id.) "[T]here is no automatic constitutional right to counsel in post-conviction proceedings in a criminal case." United States v. Smith, No. CR 418-066, 2020 WL 4118062, at *3 (S.D. Ga. July 20, 2020). Second, Defendant has not presented an adequate basis for appointing counsel. Defendant states in his request that he "lacks the wherewithal to compile the other necessary documentation. . . ." (Doc. 92 at 1.) The Court fails to see how an attorney is necessary to compile or obtain documentation. Accordingly, Defendant's motion (Doc. 92) is **DENIED**.

## CONCLUSION

Accordingly, based on the foregoing, Defendant's Motion for Home Confinement (Doc. 90) is **DISMISSED**, Defendant's Motion for Compassionate Release (Doc. 91) is **DENIED**, and Defendant's Motion to Appoint Counsel (Doc. 92) is **DENIED**.

SO ORDERED this 31ST day of August 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

9